# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEEANNA K. FARMER, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00066 |
| vs. | : | |
| | | District Judge Walter Herbert Rice |
| MICHAEL J. ASTRUE, | : | Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff brought this case seeking judicial review of the Social Security Administration's decision to deny her applications for Disability Insurance Benefits and Supplemental Security Income. The Court previously vacated the final administrative decision, which had denied Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits. The Court reasoned:

> [A] judicial award of benefits is warranted in the present case, given that the evidence overwhelmingly shows that Plaintiff meets or equals the criteria of Listing 12.04. In short, the evidence overwhelmingly shows a medically documented persistence, either continuous or intermittent, of at least four of the depressive syndromes set forth in Subparagraph A and marked difficulties in maintaining social functioning, concentration, persistence or pace and repeated episodes of extended decompensation, as required by Subparagraph B.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. #19, PageID at 140).

The case is presently before the Court on Plaintiff's Motion For Attorney Fees Under The Equal Access To Justice Act (EAJA) 28 U.S.C. Section 2412(d)(1)(A) (Doc. # 21), the Commissioner's Memorandum in Opposition (Doc. # 22), and the record as a whole. Plaintiff seeks an EAJA award of $4,311.32 in attorney's fees plus $350 in costs. (Doc. # 21, PageID at 150). The Government contends that an EAJA award is not warranted because its position in support of the Administrative Law Judge was substantially justified.

The EAJA provides attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). In the present case, Plaintiff became the prevailing party when she obtained a remand, under sentence four of 42 U.S.C. §405(g), for further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The parties' dispute thus focuses on whether the Government's position in support of the ALJ's decision was substantially justified. *See, e.g., Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541 (1988).

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*. The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541;

> *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not . . . want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . .'" *Scarborough* [*v. Principi*, 541 U.S. 401, 415, 124 S.Ct. 1856, 1866 (2004)] (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003)).

*Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Government bears the burden of establishing that its position was substantially justified. *Scarborough*, 541 U.S. at 414-15, 124 S.Ct. at 1865-66.

The Government contends that its responses to Plaintiff's statement of errors were substantially justified for several reasons. Beginning with Plaintiff's treating psychiatrist, Dr. Smith, the Government contends the Administrative Law Judge (ALJ) gave good reasons for discounting Dr. Smith's opinions, including, but not limited to, the assertion that Dr. Smith's opinions contained essentially no objective support and very little explanation. The Government further contends that it was substantially justified because (1) the ALJ properly relied on Dr. Goren, the testifying medical expert, as the basis for concluding that Plaintiff's fibromylagia was not a severe impairment, and (2) the ALJ properly rejected Dr. Burks' disability opinion as wholly lacking objective support and as otherwise unsupported by the record.

The Government's reasons for supporting the ALJ's decision with regard to the medical source opinions fall short of establishing substantial justification because the ALJ's evaluation of Drs. Smith, Goren, and Burks conflicted with Social Security Regulations, the applicable Social Security Ruling, and case law. The Court previously detailed the ALJ's errors in this case:

The ALJ rejected the opinion of Dr. Smith, Plaintiff's treating psychiatrist, explaining, "He provided no objective support for his conclusion and his opinion is not supported by treatment notes of record. As the opinion is not well supported by the record, it cannot be accepted." (Tr. 33). Although the ALJ's reasons were legally sufficient to justify not placing controlling weight on Dr. Smith's opinion, *Blakley,* 581 F.3d at 406 (6th Cir. 2009), the ALJ's brief consideration of Dr. Smith's opinion contains no indication that he weighed it under the remaining factors as the Regulations mandate. This constituted error. "If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley,* 581 F.3d at 406 (citing *Wilson*, 378 F.3d at 544).

The ALJ committed the same error when addressing the opinions of Plaintiff's treating physician, Dr. Burks. This appears in ALJ's brief explanation, "Dr. Burks, a primary care physician, reported that the claimant was disabled due to fibromyalgia, but he provided no objective support for this conclusion. The opinion cannot be accepted as it is not well supported by the record." (Tr. 32-33). There is no indication that the ALJ continued to weigh Dr. Burks's opinions under any of the remaining regulatory factors.

By not continuing to weigh these treating physicians' opinions, the ALJ failed to apply the legal criteria mandated by the Regulations, 20 C.F.R. §404.1527(d)(3)-(5); the applicable Social Security Ruling, 96-2p, 1996 WL 374188; and case law. Ruling 96-2p explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable [data] ... or is inconsistent with other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.....

96-2p, 1996 WL 374188 at *4. Case law likewise reflects the need for continued weighing under the Regulations: "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician [or psychologist] is entitled to great deference, its non-controlling status notwithstanding." *Rogers*, 486 F.3d at 242. Accordingly, the ALJ's failure

to continue to weigh the opinions of Drs. Smith and Burks in this manner constituted a failure to apply the correct legal criteria to their opinions.

In addition, the ALJ erred at Step 3 of the sequential evaluation by fully crediting the medical expert, Dr. Goren, who testified at during the third administrative hearing, without weighing his opinions under any of the required regulatory factors. The ALJ merely wrote, "The expert medical opinion provided by Dr. Goren that the severity of the claimant's impairments did not meet or medically equal any of the Listings is adopted." (Tr. 32). This constituted a failure to apply the correct legal criteria because the Regulations and Rulings required the ALJ to evaluate the opinions of Dr. Goren – a record-reviewing physician – under the regulatory factors including supportability, consistency, and specialization. *See* 20 C.F.R. §404.1527(d), (f); *see also* Social Security Ruling 96-6p, 1996 WL 374180. The Regulations appear to emphasize this requirement by reiterating it no less than three times. *See* 20 C.F.R. §404.1527(d) ("we consider all of the following factors in deciding the weight to give any medical opinion...."); *see* also 20 C.F.R. §404.1527(f)(ii) (factors apply to opinions of state agency consultants); 20 C.F.R. §404.1527(f)(iii) (same as to medical experts' opinions); Social Security Ruling 96-6p, 1996 WL 374180 at *2 (same).

Returning briefly to the ALJ's rejection of Dr. Burks' opinion about the impact Plaintiff's fibromyalgia had on her ability to work, the ALJ erred by requiring objective evidence. "[F]ibromyalgia can be a severe impairment and that, unlike medical conditions that can be confirmed by the existence of objective testing, fibromyalgia patients present no objectively alarming signs.... Rather, fibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion." *Rodgers*, 486 F.3d at 243-44 (internal citations omitted). It was therefore error for the ALJ to require objective medical evidence in support of Dr. Burks' opinion regarding the severity of Plaintiff's fibromyalgia. *See id*; *see also Kalmbach v. Commissioner of Soc. Sec.*, unpublished op., 2011 WL 63602 at *9 ("Thus, the ALJ's contention that the treating physicians' assessments and opinions were unsupported by other objective medical evidence was simply beside the point.").

There remains the possibility that the ALJ's errors were harmless, particularly when viewed in light of the Commissioner's arguments. Yet, "[a] court cannot excuse the denial of a mandatory procedural requirement protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. '[A] procedural error

> is not made harmless simply because the [aggrieved party] appear to have had little chance of success on the merits anyway.' To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with §1527(d)(2), would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory. The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action ... found to be ... without observance of procedure required by law.'" *Wilson*, 378 F.3d at 546 (internal citations omitted). Although the Sixth Circuit has left open the issue of whether a *de minimis* violation of the procedural requirements of §404.1527(d)(2) can constitute harmless error, a review of the opinions provided by treating medical sources, Dr. Smith and Dr. Burks, reveals no indication that their opinions are "so patently deficient that the Commissioner could not possibly credit it...." *Wilson*, 378 F.3d at 547.

(Doc. #14, PageID at 114-17).

Although a "reversal of the denial of benefits ... does not automatically mean the Commissioner's decision to defend the ALJ's decision was unreasonable," *Anderson v. Commissioner of Social Sec.*, 1999 U.S. LEXIS 29996 at *13 (6th Cir. 1999); *see Howard*, 376 F.3d at 554, because the ALJ failed to evaluate the medical source opinions as required by Regulation, Ruling, and case law, as set forth above, the Government's defense of the ALJ's decision lacked a reasonable basis in fact and law. This conclusion holds even though the Government further argues that it was substantially justified in its decision to support the ALJ's credibility determinations. (Doc. # 22, PageID at 163-64). Even if the Government was reasonable in its decision to support the ALJ's credibility determinations, this does not make reasonable its support – i.e., its unreasonable support – for the ALJ's evaluation of the medical source opinions. The Government, therefore, has not met its burden of establishing that its support for the ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be unjust. *Cf. Howard*, 376 F.3d at 554

("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.").

Accordingly, Plaintiff's EAJA motion is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for an Award of Attorney Fees Pursuant to the Equal Justice Act (Doc. #21) is GRANTED; Plaintiff is entitled to an EAJA award in the amount of $4,311.32 in attorney fees plus $350.00 in costs, equaling a total EAJA award of $4,661.32; and

2. The case remain terminated on the docket of this Court.


October 10, 2012

               s/Sharon L. Ovington
               Sharon L. Ovington
              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).